IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:16-cv-11085 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARGARET RAINER, | ) | |
| ARROW FINANCIAL SERVICES, LLC, | ) | |
| LVNV FUNDING, LLC, | ) | |
| MOLLY P. CLINTON-STEELE, as | ) | |
| TRUSTEE OF THE MOLLY P. CLINTON | ) | |
| REVOCABLE LIVING TRUST, | ) | |
| STATE OF MICHIGAN, and | ) | |
| RICHARD P. HATHAWAY, as the | ) | |
| TREASURER OF WAYNE COUNTY, | ) | |
| MICHIGAN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

The United States of America, pursuant to  26 U.S.C. §§ 7401 and 7403, at the direction of a delegate of the Attorney General of the United States and with the authorization and sanction of a delegate of the Secretary of the Treasury, complains and alleges as follows:

### JURISDICTION AND PARTIES

1. Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Margaret Rainer resides in Wayne County, within the jurisdiction of this Court.

3. The defendant Arrow Financial Services, LLC, is a company subject to this Court's jurisdiction, and is named as a party to this action as required by 26 U.S.C. § 7403(b)

1

because it may claim an interest in the property upon which the United States seeks to enforce its liens.

4. The defendant LVNV Funding, LLC, is a company subject to this Court's jurisdiction, and is named as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

5. The defendant Molly P. Clinton-Steele, as Trustee of the Molly P. Clinton Revocable Living Trust, resides in Oakland County, within the jurisdiction of this Court, and is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the property upon which the United States seeks to enforce its liens.

6. Defendant State of Michigan is a government unit subject to this Court's jurisdiction, and is named as a party to this action as required by 26 U.S.C. § 7403(b) because it has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

7. Defendant Richard P. Hathaway, as the Treasurer of Wayne County, Michigan, is a government official subject to this Court's jurisdiction, and is named as a party to this action as required by 26 U.S.C. § 7403(b) because he has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

## THE SUBJECT PROPERTIES

8. The real property upon which the United States seeks to enforce its federal tax liens consist of three commercial properties owned by the defendant Margaret Rainer, commonly known as: (a) 3115 West McNichols, Detroit, Michigan 48221 ("3115 West McNichols"); (b) 3117 West McNichols, Detroit, Michigan 48221 ("3117 West McNichols"); and (c) 3121 West McNichols, Detroit, Michigan 48221 ("3121 West

McNichols") (collectively the "Real Properties").  The legal description of the Real

Properties is:

> Lots 11, 10, 9 and West 3 feet of Lot 8,
> Ford Park Subdivision, as recorded in
> Liber 30, Page 92 of Plats, Wayne County
> Records.
>
> Ward No. 12, Item Nos. 5599, 5600 and 5601.

9. More specifically, 3115 West McNichols being the property conveyed to

defendant Molly P. Clinton-Steele, as Trustee of the Molly P. Clinton Revocable

Living Trust, by Quit Claim Deed dated February 20, 1984, and recorded with the

Wayne County Register of Deeds at Liber 22188, Page 308.

10. More specifically, 3117 West McNichols and 3121 West McNichols being the

property conveyed to defendant Molly P. Clinton-Steele, as Trustee of the Molly

P. Clinton Revocable Living Trust, by Quit Claim Deed dated February 20, 1984,

and recorded with the Wayne County Register of Deeds at Liber 22188, Page 309.

11. Title to the Real Properties was transferred from the defendant Molly P. Clinton-

Steele, as Trustee of the Molly P. Clinton Revocable Living Trust (the "Seller"),

to defendant Margaret Rainer (the "Buyer") through a properly executed and

delivered Warranty Deed dated February 22, 2008.  However, the Warranty Deed

was never recorded in the Wayne County Register of Deeds.  According to the

Warranty Deed, the property was conveyed for $200,000.00 pursuant to a Land

Contract, dated July 12, 1996, between the Seller and the Buyer, which was

recorded with the Wayne County Register of Deeds at Liber 29000, Page 727.

**COUNT ONE**
**(Claim to Reduce Liabilities to Judgment against Margaret Rainer)**

12. The United States incorporates by reference paragraphs 1 – 11, above.

13. On the following dates, a delegate of the Secretary of the Treasury of the United States
    made the following assessments against Margaret Rainer for federal income taxes,
    penalties, and interest for the following periods and in the following amounts, which have
    balances due with accruals as of March 7, 2016, as follows:

| Federal Income Tax Period | Assessment Date | Assessment Type | Amount Assessed | Balance due as of 3/7/2016 |
|---|---|---|---|---|
| 2004 | 10/15/2007 | Tax Per Return | $7,756.00 | $9,710.99 |
|  | 10/15/2007 | Estimated Tax Penalty | $114.54 |  |
|  | 10/15/2007 | Late Filing Penalty | $983.92 |  |
|  | 10/15/2007 | Late Payment Penalty | $655.95 |  |
|  | 10/15/2007 | Interest | $1,042.87 |  |
|  | 11/18/2013 | Interest | $2,043.74 |  |
|  | 11/18/2013 | Late Payment Penalty | $437.30 |  |
|  | 11/23/2015 | Interest | $600.99 |  |
| 2005 | 10/15/2007 | Tax Per Return | $7,171.00 | $3,719.52 |
|  | 10/15/2007 | Late Filing Penalty | $383.85 |  |
|  | 10/15/2007 | Late Payment Penalty | $153.54 |  |
|  | 10/15/2007 | Interest | $245.66 |  |
|  | 11/18/2013 | Interest | $709.44 |  |
|  | 11/18/2013 | Late Payment Penalty | $272.96 |  |
|  | 11/23/2015 | Interest | $216.17 |  |
| 2006 | 11/23/2009 | Tax Per Return | $7,326.00 | $15,339.40 |
|  | 11/23/2009 | Estimated Tax Penalty | $346.69 |  |
|  | 11/23/2009 | Late Filing Penalty | $1,648.35 |  |
|  | 11/23/2009 | Late Payment Penalty | $1,172.16 |  |
|  | 11/23/2009 | Interest | $1,431.53 |  |
|  | 11/18/2013 | Interest | $1,732.27 |  |
|  | 11/18/2013 | Late Payment Penalty | $659.34 |  |
|  | 11/23/2015 | Interest | $891.48 |  |
| 2007 | 2/8/2010 | Tax Per Return | $2,815.00 | $1,232.22 |
|  | 2/8/2010 | Late Filing Penalty | $145.80 |  |
|  | 2/8/2010 | Late Payment Penalty | $71.28 |  |

4

| | 2/8/2010 | Interest | $67.70 | |
| | 11/18/2013 | Interest | $126.54 | |
| | 11/18/2013 | Late Payment Penalty | $90.72 | |
| | 11/23/2015 | Interest | $71.61 | |
| 2008 | 11/23/2009 | Tax Per Return | $4,395.00 | $5,961.37 |
| | 11/23/2009 | Estimated Tax Penalty | $121.95 | |
| | 11/23/2009 | Late Payment Penalty | $151.80 | |
| | 11/23/2009 | Interest | $93.45 | |
| | 11/18/2013 | Interest | $604.61 | |
| | 11/18/2013 | Late Payment Penalty | $796.94 | |
| | 11/23/2015 | Interest | $346.46 | |

14. On or about the dates of the tax assessments described in paragraph 13, above, a delegate of the Secretary of the Treasury of the United States of America gave notice of those tax liabilities to, and made a demand for payment of the balance due upon, defendant Margaret Rainer.

15. Despite such notice and demand, the defendant Margaret Rainer has failed, neglected, or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments, and credits, Margaret Rainer remains liable to the United States for the unpaid balance of her 2004, 2005, 2006, 2007, and 2008 federal income tax liabilities, in the amount of $35,963.50, plus other statutory additions and interest that continues to accrue from and after March 7, 2016.

16. On the following dates, a delegate of the Secretary of the Treasury of the United States of America made assessments against the defendant Margaret Rainer pursuant to 26 U.S.C. § 6672, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and Federal Insurance Contributions Act (FICA) taxes withheld from the wages of the employees of Summer Day Care & Early Learning Center, Inc., and who willfully failed to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with

respect to the following periods described below, with balances due as of March 7, 2016,

as follows:

| Trust Fund Recovery Penalty Period | Assessment Date | Assessment Type | Amount Assessed | Balance due as of 3/7/2016 |
|---|---|---|---|---|
| 03/31/2002 | 3/27/2006 | TFR Penalty | $4,103.50 | $2,973.48[1] |
| | 11/18/2013 | Interest | $1,853.22 | |
| | 11/23/2015 | Interest | $240.74 | |
| 06/30/2002 | 3/27/2006 | TFR Penalty | $5,034.69 | $6,972.90 |
| | 11/18/2013 | Interest | $2,272.01 | |
| | 11/23/2015 | Interest | $444.56 | |
| 09/30/2002 | 3/27/2006 | TFR Penalty | $4,336.10 | $6,742.53 |
| | 11/18/2013 | Interest | $1,956.73 | |
| | 11/23/2015 | Interest | $391.86 | |
| 12/31/2002 | 3/27/2006 | TFR Penalty | $4,265.24 | $6,632.30 |
| | 11/18/2013 | Interest | $1,924.73 | |
| | 11/23/2015 | Interest | $385.45 | |
| 03/31/2003 | 3/27/2006 | TFR Penalty | $4,562.73 | $6,882.24 |
| | 11/18/2013 | Interest | $2,058.98 | |
| | 11/23/2015 | Interest | $411.05 | |
| 06/30/2011 | 8/27/2012 | TFR Penalty | $2,457.55 | $200.93 |
| | 11/18/2013 | Interest | $93.44 | |
| | 11/23/2015 | Interest | $64.77 | |
| 09/30/2011 | 8/27/2012 | TFR Penalty | $1,865.61 | $2,073.85 |
| | 11/18/2013 | Interest | $69.92 | |
| | 11/23/2015 | Interest | $120.52 | |

17. On or about the dates of the penalty assessments described in paragraph 16, above, a

delegate of the Secretary of the Treasury of the United States of America gave notice of

---

[1] Due to the constraints of the IRS record keeping system, the balance due for this Trust Fund Recovery period is as of March 14, 2016, whereas all other amounts due are as of March 7, 2016.

those liabilities to, and made a demand for payment of the balance due upon, defendant

Margaret Rainer.

18. Despite such notice and demand, defendant Margaret Rainer has failed, neglected, or

refused to pay the trust fund recovery penalty liabilities set forth above in full, and, after

the application of all abatements, payments, and credits, Margaret Rainer remains liable

to the United States for the unpaid balance of her trust fund recovery penalties, in the

amount of $32,478.23, plus other statutory additions and interest that continues to accrue

from and after March 7, 2016.

**COUNT TWO**
**(Claim to Enforce Federal Tax Liens Against Real Properties)**

19. The United States incorporates by reference paragraphs 1-18, above.

20. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by

the defendant Margaret Rainer to pay the liabilities described in paragraphs 13 and 16,

above, after notice and demand, federal tax liens in the amount of the original

assessments, plus interest and other statutory additions, arose on the dates of the

assessments, and attached to all property and rights to property belonging to defendant

Margaret Rainer, including the Real Properties.

21. On May 13, 2010, a Notice of Federal Tax Lien for the federal income tax years 2004,

2005, 2006, 2007, and 2008 was filed in accordance with 26 U.S.C. § 6323(f) in the

Wayne County Register of Deeds at Liber 48553, Page 141, in the name of Margaret

Rainer.

22. On May 13, 2010, a Notice of Federal Tax Lien for the trust fund recovery penalties in

regard to the periods ending 3/31/2002, 6/30/2002, 9/30/2002, 12/31/2002, and 3/31/2003

7

was filed in accordance with 26 U.S.C. § 6323(f) in the Wayne County Register of Deeds at Liber 48553, Page 141, in the name of Margaret Rainer.

23. On October 1, 2012, a Notice of Federal Tax Lien for the trust fund recovery penalties in regard to the periods ending 6/30/2011, and 9/30/2011 was filed in accordance with 26 U.S.C. § 6323(f) in the Wayne County Register of Deeds at Liber 50175, Page 898, in the name of Margaret Rainer.

24. The Federal Tax Liens against defendant Margaret Rainer attach to all of her property, including the Real Properties. The United States is entitled to have the Real Properties sold free and clear of all rights, titles, claims, liens and interest of the parties, including any right of redemption, and the proceeds of the sale distributed, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first to the United States to pay the tax debts described herein and then to the other parties in accordance to law.

WHEREFORE, the plaintiff United States of America prays for judgment determining:

A. That the defendant Margaret Rainer is liable for unpaid federal income tax liabilities for the years 2004, 2005, 2006, 2007, 2008, in the amount of $35,963.50, plus such additional amounts as may continue to accrue as provided by law from and after March 7, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. That the defendant Margaret Rainer is liable for unpaid trust fund recovery penalties in regard to the periods ending 3/31/2002, 6/30/2002, 9/30/2002, 12/31/2002, 3/31/2003, 6/30/2011, and 9/30/2011, in the amount of $32,478.23, plus such additional amounts as

may continue to accrue as provided by law from and after March 7, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C.  That the Real Properties are subject to the valid and subsisting federal tax liens securing the liabilities described in this complaint;

D.  That the Federal Tax Liens securing the liabilities described in this complaint shall be enforced upon the Real Properties by ordering the sale of the Real Properties, free and clear of all rights, titles, claims, liens and interest of the parties, including any right of redemption, and the proceeds of the sale shall be distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first to the United States to pay the tax liabilities described herein and then to the other parties in accordance to law, or as otherwise ordered by the Court; and,

E.  That the United States of America is entitled to its costs in this action and to such other and further relief as the Court may deem just and proper.

Dated: March 24, 2016

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division


/s/ Jeffrey N. Nunez
JEFFREY N. NUNEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-5218 (v)
202-514-5238 (f)
Jeffrey.N.Nunez@usdoj.gov


LOCAL COUNSEL:

BARBARA L. McQUADE
United States Attorney


PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313)226-9784
P30643
Email: Peter.Caplan@usdoj.gov